(will ntc.)

**FILED**

**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

2013 JUN 25 P 1:54

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN RE:

APPLICATION OF NATIONAL
SYNDICATE FOR ELECTRIC
ENERGY,

Douala, Cameroon,

    Applicant.

Case No. 1:13mc 20
GBL/TCB

**PETITION OF NATIONAL SYNDICATE FOR ELECTRIC ENERGY
FOR DISCOVERY IN AID OF A FOREIGN PROCEEDING
PURSUANT TO 28 U.S.C. § 1782**

Applicant National Syndicate for Electric Energy (hereinafter "Union") hereby petitions this Court for assistance in obtaining discovery in aid of a foreign proceeding pursuant to 28 U.S.C.§ 1782.

The Union represents workers in Cameroon's largest electric company, AES SONEL, a concern jointly owned by the Cameroon government and a subsidiary of the AES Corporation (hereinafter AES), a corporation with headquarters in Arlington, Virginia.

In filings with the U.S. Securities and Exchange Commission, AES says, [i]n Cameroon we are involved in the generation, transmission, distribution and sale of electricity through AES Sonel, an integrated utility, and two Independent Power Producers (IPP). We own 56% of AES Sonel with the remaining 44% held by the Republic of Cameroon. AES Sonel is the only electricity provider in Cameroon...AES Sonel operates and maintains 936 MW [megawatts] of generation, two interconnected

transmission networks and distributes electricity to more than 800,000 primarily residential customers. AES Sonel operates under a 20-year concession agreement that was signed in July 2001."[1]

In particular, the Union seeks this Court's aid in obtaining narrowly tailored discovery for presentation to the Cameroon Ministry of Labor and Social Security for the purpose of rendering a final report that can be reviewed by the Cameroon courts.

## BACKGROUND

Under Cameroon law, the fact-finding function for litigating labor disputes is assigned to an administrative tribunal, under the authority of the country's Ministry of Labor and Social Security. To obtain a court judgment on its claim in a labor dispute, the Union must first obtain a report, or factual finding from the Ministry of Labor, which then would provide a factual record upon which an arbitration proceeding would be based.[2] In this case, the Union has attempted to resolve the dispute and, alternatively, to obtain full factual record of the dispute through the administrative procedure since July 4, 2005. It was then that AES SONEL was in breach of its agreement regarding salaries, bonuses and stock grants. An exhaustive account of the labor dispute is contained in an affidavit by Union president Julien Fouman, attached as Exhibit 2.

Throughout this eight-year period, AES SONEL has failed to submit documentation and rationale for its decisions and actions in failing to pay the Union's workers their full bargained-for compensation. Although it has promised to transfer stock to Union members as set forth in its agreement, but still has not done so. It has maintained, without any apparent support or evidence, that its obligation to pay bonuses

---

[1] AES Corp. (2012) 10-K Annual Report retrieved from SEC EDGAR website.
[2] See generally §§ 157-164, Cameroon Labor Code, Law No. 92/007 (Aug. 14, 1992). A copy of the pertinent provisions of the Code is attached as Exhibit 1. (Translated).

or productivity allowances, which amount to a substantial portion of the employees' total compensation, was somehow extinguished by agreement.

The Cameroon Ministry of Labor and Social Security has sought to mediate and resolve this dispute, but it needs the aid of this Court in obtaining documents and testimony from key decision makers, non-residents of Cameroon who represent a majority of the AES SONEL board of directors, persons who reside or work in this district.

Earlier this year, the Labor and Social Security Ministry set a hearing at 10 a.m. on January 22, 2013 at the ministry's main conference room to receive information form the parties. Regrettably, AES-SONEL declined to send a representative.

The Union's members who are covered by a collective bargaining agreement with AES SONEL constitute an overwhelming majority of AES SONEL employees. The average worker's salary is less than $500 a month, and the dispute centers on unpaid compensation from March 4, 2005, to the present.

AES SONEL is jointly owned by the Cameroon government and a private company, AES Cameroon Holdings, S.A. The latter company is the wholly owned subsidiary of the AES Corporation (hereinafter AES), a United States company based in Arlington, Virginia, located in the Eastern District of Virginia.[3]

AES SONEL is governed by a 12-member board of directors. Four board members are named by the Cameroon government. Eight members are selected by AES,

---

[3] The AES Corp. describes AES SONEL as "our integrated utility" on its website, noting that the Cameroon concern "is the fifth-largest company in the country." www.aes.cloudapp.net/Business/Utilities.aspx. A copy of the website description is attached as Exhibit 3.

3

or productivity allowances, which amount to a substantial portion of the employees' total compensation, was somehow extinguished by agreement.

The Cameroon Ministry of Labor and Social Security has sought to mediate and resolve this dispute, but it needs the aid of this Court in obtaining documents and testimony from key decision makers, non-residents of Cameroon who represent a majority of the AES SONEL board of directors, persons who reside or work in this district.

Earlier this year, the Labor and Social Security Ministry set a hearing at 10 a.m. on January 22, 2013 at the ministry's main conference room to receive information form the parties. Regrettably, AES-SONEL declined to send a representative.

The Union's 3771 members who are covered by a collective bargaining agreement with AES SONEL constitute an overwhelming majority of AES SONEL employees. The average worker's salary is less than $500 a month, and the dispute centers on unpaid compensation from March 4, 2005, to the present.

AES SONEL is jointly owned by the Cameroon government and a private company, AES Cameroon Holdings, S.A. The latter company is the wholly owned subsidiary of the AES Corporation (hereinafter AES), a United States company based in Arlington, Virginia, located in the Eastern District of Virginia.[3]

AES SONEL is governed by a 12-member board of directors. Four board members are named by the Cameroon government. Eight members are selected by AES, and seven of the eight are employees or officers of the parent AES, based in Arlington,

---

[3] The AES Corp. describes AES SONEL as "our integrated utility" on its website, noting that the Cameroon concern "is the fifth-largest company in the country." www.aes.cloudapp.net/Business/Utilities.aspx. A copy of the website description is attached as Exhibit 3.

3

Virginia, and are regularly found in the Eastern District of Virginia.

## PARTIES FROM WHOM DISCOVERY IS SOUGHT

The AES Corporation, based in Arlington, is not a party to the proceeding in Cameroon. AES has material that would aid the Cameroon proceeding. Throughout the past 12 years, it has received frequent reports, memoranda, emails and other information pertaining to the operation of AES SONEL from the resident general manager and others. Those reports, together with analyses, reviews, evaluations and instructions from the AES Corporation to AES SONEL and its general manager in Cameroon could provide critical information to aid the fact-finding process that has been stymied in Cameroon.

Of the eight AES-related board members of AES-SONEL, seven members are or have been employed by the AES Corporation in Arlington and can regularly be found in the Eastern District of Virginia. Two of the employees are Arlington residents, three board members reside in Washington, D.C., and one member resides in Bowie, Maryland. A seventh board member, who resides in Washington, D.C., recently resigned from the AES Corp. and to the best of petitioner's knowledge, a successor has not yet been named. The Union is hopeful that it can work with in cooperation with the AES Corp. to gather the relevant material in the most efficient way possible, without the necessity of filing similar petitions in other jurisdictions.

Two individual AES Corporation employees who reside in the Eastern District are Carla Tully, chief of staff of the Latin America and Africa Group of the AES Corporation, and Scarlett Alvarez, vice president and chief stakeholder officer of the AES Corporation.

4

Both Ms. Tully and Ms. Alvarez have senior positions within the AES Corporation and are responsible for monitoring developments and participating in the corporate decision-making process. Ms. Tully is the key official responsible for coordinating communication to and from Cameroon and, as an AES SONEL board member, was likely present at meetings held to discuss the matters in dispute before the Cameroon tribunal.

Ms. Alvarez is a vice president of the AES Corporation and, as the chief stakeholder officer, should be intimately familiar with the labor relations issues that are the center of this matter. As a board member of AES SONEL, she also has likely been present at key meetings held to discuss important corporate matters, such as the ongoing labor dispute and the company's response to the Cameroon tribunal's request for assistance and participation.

Three other employees of the AES Corporation are residents of Washington, D.C., and Bowie, Maryland, but are regularly found within this district. As board members of AES SONEL, they, too, have been in a position to observe and participate in discussions regarding the employee matters that are central to this dispute. Those individuals are: Dr. Andrés Ricardo Gluski, president and chief executive officer; Andrew Vesey, executive vice president and chief operating officer; Didier Rotsaert, managing director, and; Vincent Mathis, vice president and assistant general counsel.

**THIS COURT IS AUTHORIZED TO ORDER DISCOVERY**

Section 1782 of U.S. Code Title 28 provides the United States district courts with authority to assist in gathering evidence from domestic entities and individuals to aid proceedings before foreign tribunals. The statute provides in part:

Case 1:13-mc-00020-GBL-TCB   Document 1   Filed 06/25/13   Page 7 of 10 PageID# 7

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal .... The order may be made ... upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a)

This Court is authorized to order discovery because this request complies with all of the statutory requirements:

1. The AES Corporation and all of the individuals are found in this district. Ms. Alvarez and Ms. Tully reside in this district, and Messrs. Gluski, Vesey, Rotsaert and Mathis have their regular place of business at the AES Corporation headquarters in Arlington.

2. The discovery is for use in a proceeding before a foreign tribunal. The material sought is central to the fact-finding mission and to assist the Cameroon Ministry of Labor. Unlike the United States system, the Cameroon model divides the fact finding and legal analysis between the administrative and judicial branches. The tribunal envisioned by Cameroon law under the auspices of the Department of Labor and Social Security can best be described as a combination of investigation, conciliation and mediation, with its final report ultimately providing the basis for legal review by the courts.

3. The application is made by an interested person. As the party legally recognized to pursue and represent the interests of its members, the Union represents the overwhelming majority of AES SONEL employees and is an interested party.

6

## THE EQUITIES WEIGH IN FAVOR
## OF THIS COURT ORDERING DISCOVERY

In *Intel v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), the Supreme Court set forth certain factors that this Court may consider in determining whether to order discovery. Referring to the Senate Report, the Supreme Court said, "a court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U. S. federal-court judicial assistance. See S. Rep. No. 1580, at 7. ... [Additionally,] a district court could consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States. 542 U.S. 264-265.

1. The nature of the proceeding may be the most compelling factor. The Cameroon process contemplates an open and transparent approach and cooperation by all parties. When a party takes an indefensible position and declines to offer a factual basis or rationale, the fact finder is at a loss to develop an analysis or evaluation of the dispute. Such is the case here, where the intransigence of AES SONEL has acted as a roadblock to the tribunal's attempt to obtain information and mediate a resolution.

2. The receptivity of the foreign tribunal is beyond question. On January 22, 2013, AES SONEL failed to appear at a hearing convened by the Minister of Labor, and that lack of cooperation has prevented the administrative process from moving forward. It is simply not possible to imagine that any information produced as a result of this petition could not aid the fact-finding process in Cameroon. A copy of the Labor Ministry's notice of the January 22 proceeding is attached as Exhibit 3.

3. With respect to the final criterion, it is apparent from the attached subpoenas and document requests that the Union's agenda and objective is plain and simple – it simply seeks the essential facts underlying the actions and conduct of AES SONEL in failing to comply with the plain wording of the collective bargaining agreement and other agreements The only restrictions are those in place preventing the Cameroon tribunal from ordering the U.S.-based AES Corporation to comply with its requests for information and cooperation. Copies of the subpoenas are attached as Exhibit 4.

## CONCLUSION

For the forgoing treasons, Petitioner respectfully requests that this Court issue an order permitting discovery of the AES Corporation and the herein named individuals for use in aid of a proceeding before the Cameroon Ministry of Labor and Social Security.

Respectfully submitted,

By: _____
Michael M. York (VSB 44749)
myork@wehneryork.com
WEHNER & YORK, P.C.
11860 Sunrise Valley Drive, Suite 100
Reston, Virginia 20191
Tel: (703) 476-8000
Fax: (703) 476-8300
*Counsel for Applicant*

June 25, 2013

## CERTIFICATE OF SERVICE

I certify, that on this 25th day of June, 2013, I caused true and correct copies of this Petition with supporting exhibits and proposed Order to be served by process server upon each individual or entity named and also by certified mail upon the AES Corporation c/o Corporation Service Company, Bank of America Center, 16th Floor, 1111 East Main Street, Richmond, Virginia 23219.

Dr. Andrés Ricardo Gluski
Andrew Vesey
Carla Tully
Scarlett Alvarez
Didier Rostaert
Vincent Mathis
AES Corporation
4300 Wilson Boulevard
11th Floor
Arlington, Virginia 22203

AES Corporation
4300 Wilson Boulevard
11th Floor
Arlington, Virginia 22203

_____
Michael M. York (VSB 44749)
myork@wehneryork.com
WEHNER & YORK, P.C.
11860 Sunrise Valley Drive, Suite 100
Reston, Virginia 20191
Tel: (703) 476-8000
Fax: (703) 476-8300
*Counsel for Defendant*

9