IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| In re APPLICATION OF NATIONAL ) <br> SYNDICATE FOR ELECTRIC ENERGY, ) <br> ) <br> Douala, Cameroon, ) <br> ) <br> Applicant. ) <br> ) | Case No. 1:13-mc-20 (GBL/TCB) |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Applicant National Syndicate for Electric Energy ("SNEE")'s Petition for Discovery in Aid of a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 (Doc. 1). Mr. Julian Fouman,[1] who holds himself out as SNEE's president, filed an application in SNEE's name seeking discovery from AES Corporation, a U.S.-based corporation, for use in a foreign proceeding in Cameroon. The foreign proceeding in Cameroon is a conciliation between SNEE, a union of electrical workers, and AES-SONEL, an electrical provider jointly owned by AES Corporation and the Government of Cameroon. Pursuant to sections 158, 159, and 160 of the Cameroon Labor Code, an inspector from the Cameroon Ministry of Labor and Social Insurance ("Labor Ministry") conducts the conciliation. In his Petition, Mr. Fouman alleges that AES-SONEL refuses to cooperate with the conciliation and that § 1782 discovery may elucidate the facts necessary to break the negotiations stalemate. Following careful review of the papers and the statements made in oral argument, the Court **DENIES** the Petition because the conciliator in Cameroon does not act as a first-instance decisionmaker within the meaning of

---

[1] Although the Petition lists SNEE as the Applicant seeking discovery in aid of a foreign proceeding, the parties dispute whether Mr. Fouman is the president of SNEE and, accordingly, whether Mr. Fouman has the authority to represent SNEE. *See infra* Sections III, IV. Because resolution of this dispute is not necessary to deciding the Petition, the Court refers to Mr. Fouman as the Applicant rather than to SNEE.

*Intel Corp. v. Advanced Micro Devices, Inc.*, 452 U.S. 241 (2004). The conciliator does not issue a judgment on the merits subject to judicial review; the conciliator is not authorized to take evidence; and the conciliator is not authorized to determine liability or impose penalties. As such, the pending conciliation in Cameroon is not a "foreign or international tribunal" for the purposes of § 1782.

## I. BACKGROUND

SNEE and AES-SONEL have been engaged in a labor dispute for more than a decade. The dispute concerns AES-SONEL's alleged breach of a contract whereby AES-SONEL promised the electrical workers represented by SNEE a five-percent ownership interest in AES-SONEL and certain productivity bonuses. In late 2008, SNEE filed a complaint with a Labor Ministry inspector seeking conciliation of the dispute pursuant to sections 158, 159, and 160 of the Cameroon Labor Code. (Doc. 1-3, ¶ 25.)

Under the Labor Code, parties to a labor dispute must undergo conciliation proceedings before a Labor Ministry inspector. At the end of the conciliation proceedings, the inspector issues a report as to the conciliation or nonconciliation of the parties. *See* Cameroon Labor Code § 159(1). If the parties have not reached conciliation, the inspector refers the dispute to an arbitral panel as established by a Cameroonian court of appeal. *See id.* § 160. The arbitral panel then hears the dispute and issues an award. *See id.* §§ 158–159. Here, the inspector heard from both AES-SONEL and SNEE but did not issue a report. In March 2009, SNEE moved the Douala High Court in Cameroon for an order requiring the inspector to issue a report of nonconciliation. The Douala High Court denied SNEE's motion. (Doc. 1-3, ¶¶ 25–28.)

Since then, the dispute between AES-SONEL and SNEE has continued, and no report of nonconciliation has been issued, so that the dispute remains in conciliation proceedings.

Applicant Fouman suggests that the report of nonconciliation has yet to issue because the inspector cannot compel AES-SONEL to produce evidence relating to ownership interests or productivity bonuses. (Doc. 1-3, ¶ 34.) Mr. Paul Monji, who also holds himself out as SNEE's president, explains that no report has been issued because SNEE is in negotiations with AES-SONEL and hopes to conclude formal settlement soon. (Doc. 12-1, ¶¶ 19, 21, 24.)

### III. PROCEDURAL HISTORY

On June 25, 2013, Mr. Fouman filed an application for discovery in aid of a foreign proceeding pursuant to 28 U.S.C. § 1782. (Doc. 1.) Section 1782 provides in relevant part that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . ." 28 U.S.C. § 1782. Mr. Fouman attached to the Petition a sworn affidavit in which he averred that he was the elected president of SNEE and had legal authority to represent SNEE. (Doc. 1-3.) On August 26, 2013, AES Corporation filed its opposition to the Petition. (Doc. 12.) Attached to the opposition was a declaration by Paul Monji made under penalty of perjury. In the declaration, Mr. Monji averred that he was the rightful president of SNEE, having succeeded Mr. Fouman in the position following a January 2012 election. (Doc. 12-1, ¶¶ 1–6.) After full briefing, the Court heard oral argument on the Petition on October 3, 2013. Following oral argument, both Mr. Fouman and AES Corporation submitted additional briefs to the Court. (*See* Docs. 20, 21, 23, 25, 26.)

### IV. ANALYSIS

The Court DENIES Mr. Fouman's Petition for Discovery in Aid of a Foreign Proceeding because the proceeding for which Mr. Fouman seeks discovery—a labor conciliation in Cameroon—is not a "foreign or international tribunal" within the meaning of § 1782. As such,

the Court has no statutory authority to order discovery. The conciliation pending in Cameroon is not a "foreign or international tribunal" because the Labor Ministry does not act as a "first-instance decisionmaker" in conducting the conciliation and, under the authority of *Intel Corp. v. Advanced Micro Devices, Inc.*, 452 U.S. 241 (2004), an entity serves as a "foreign or international tribunal" under § 1782 when it acts as a first-instance decisionmaker.

Section 1782 authorizes, but does not require, a district court to grant a petition for judicial assistance if three statutory requirements are met: (1) the request for discovery is made "by a foreign or international tribunal" or "any interested person"; (2) the discovery requested is "for use in a proceeding in a foreign or international tribunal"; and (3) the person from whom the discovery is sought resides, or is found, in the district of the district court where the request has been made. *See* 18 U.S.C. § 1782. If the statutory requirements have been met, the district court may exercise its discretion in granting or denying the petition. *See Intel*, 542 U.S. at 263; *In re Letter of Request from Amtsgericht Ingolstadt*, 82 F.3d 590, 592 (4th Cir. 1996).

Here, AES Corporation argues that requirements (1) and (2) have not been met. Because the Court holds that the conciliation pending in Cameroon is not a "foreign or international tribunal," the Court has no occasion to consider whether Mr. Fouman, as SNEE's president or otherwise, is an "interested person" under § 1782. With respect to requirement (2), AES Corporation argues that the conciliation is not a § 1782–qualifying tribunal because conciliation proceedings are not the type of merit-based proceedings which Congress intended § 1782 to aid. (*See* Doc. 12, at 8.) In response, Mr. Fouman suggests that when Congress amended the statute in 1964, its specific intent was to provide aid to administrative proceedings like the Cameroonian conciliation. (*See* Doc. 13, at 4–5.) In essence, AES Corporation asks the Court to interpret the statutory phrase "foreign or international tribunal" by reference to whether the entity decides the

4

merits of a dispute; Mr. Fouman asks the Court to interpret the phrase by reference to whether a proceeding is administrative in nature.

The Supreme Court addressed this question of statutory interpretation in *Intel*. In *Intel*, the Supreme Court held that an entity is a "foreign or international tribunal" for the purposes of § 1782 when it acts as a "first-instance decisionmaker." *See Intel*, 542 U.S. at 258 ("We have no warrant to exclude the European Commission, *to the extent that it acts as a first-instance decisionmaker*, from § 1782(a)'s ambit." (emphasis added)). Thus, to decide whether the requirements of § 1782 have been met, the Court must decide whether the labor conciliator in Cameroon acts as a "first-instance decisionmaker." In *Intel*, the Supreme Court concluded that the European Commission was a first-instance decisionmaker and thus a § 1782–qualifying tribunal because the European Commission was a "proof-taking" body with the "authority to determine liability and impose penalties" and the power to issue "a dispositive ruling, *i.e.*, a final administrative action both responsive to the complaint and reviewable in court." *See id.* at 256, 258–59.

Although the Supreme Court did not consider the specific question of whether a conciliation is a § 1782–qualifying tribunal, its decision in *Intel* provides the necessary framework. Consistent with *Intel*, the Court must "examine the characteristics of the . . . body at issue, in particular whether [the body] permits the gathering and submission of evidence, whether it has the authority to determine liability and impose penalties, and whether its decision is subject to judicial review." *In re Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 685 F.3d 987, 995 (11th Cir. 2012). The *Intel* decision in emphasizing the European Commission's role as a "first-instance decisionmaker" suggests that a body is a

5

"foreign or international tribunal" under § 1782 when it meets the aforementioned functional criteria. *See id.*

Applying these functional criteria to the conciliation between AES-SONEL and SNEE, the Court holds that the conciliation is not a § 1782–qualifying tribunal. The Court reaches this conclusion based on the structure of the conciliation and arbitration processes in Cameroon as outlined in the Cameroon Labor Code. Mr. Fouman and AES Corporation attached to their briefs identical copies of sections 158 to 162 of the Cameroon Labor Code. (*See* Docs. 1-2, 12-2.) These provisions of the Labor Code provide for the following structure: First, the conciliator convenes the parties in an "attempt to bring about an amical settlement." *See* Cameroon Labor Code § 158(2). Second, at the end of the conciliation, the conciliator issues "a report stating either the agreement or partial or total disagreement of the parties." *See id.* § 159(1). Third, if the conciliation succeeds—i.e., the parties reach an agreement—the agreement between them becomes enforceable. *See id.* § 159(2). Fourth, if the conciliation fails—i.e., the parties do not reach an agreement—the merits of the dispute are heard by an arbitral panel as established by a Cameroonian court of appeals. After hearing the dispute, the arbitral panel issues an "award in law" or an "award in equity." *See id.* § 162(2)–(3). In deciding the dispute, the arbitral panel "may make any necessary investigations" and "require the parties to produce any document or to provide any information." *See id.* § 162(5). Notably, the Labor Code does not include parallel provisions authorizing a conciliator to conduct investigations and require evidence.

These provisions of the Labor Code, taken as a collective whole, establish that the labor conciliator in Cameroon does not act as "a first-instance decisionmaker." Most fundamentally, the conciliator is not a first-instance decisionmaker because the conciliator does not issue a decision, let alone "a first-instance binding decision on the merits that is subject to judicial

review." *See In re Consorcio*, 685 F.3d at 997. Rather, the conciliator issues a report as to the agreement or the disagreement of the parties; the conciliator does not issue a judgment as to who should prevail on the merits. *See* Cameroon Labor Code § 159(1). By the very text of the Labor Code, the conciliator is supposed to encourage an "amical settlement" and in this manner serve as a kind of mediator, "committed to being and remaining neutral and *non-judgmental*," *see In re Anonymous*, 283 F.3d 627, 640 (4th Cir. 2002) (quotation omitted) (emphasis added).

Indeed, the resolution of labor disputes appears to be structured such that the arbitral panel acts as the first-instance decisionmaker while the conciliator pursues "amical settlement" as a means to *obviate* the need for first-instance decisionmaking. This structure comports with the absence of statutory authority for conciliators to determine liability or impose penalties. *See* Cameroon Labor Code §§ 158–160. The authority to determine liability and impose penalties instead resides with the arbitral panel via the statutory provision authorizing the arbitral panel to issue awards in law and awards in equity. *See id.* § 162(2)–(3).

Likewise, the conciliator has no authority in the Labor Code to take or consider evidence. Mr. Fouman argues to the contrary, attaching an affidavit from Cameroonian counsel averring that "any credible evidence can be received at any stage of the proceedings, including the initial stage before the Labor Inspector." (Doc. 13-5, ¶ 7.) This position, however, cannot be squared with the plain text of the Labor Code. The Labor Code expressly authorizes the arbitral panel to take evidence, yet is wholly silent on whether a conciliator is similarly authorized to take evidence. *Compare* Cameroon Labor Code § 162(5), *with id.* §§ 158–160. In the absence of express statutory authorization and given the overall structure of the conciliation, the Court subscribes to the commonsense notion that a conciliator is not authorized to take evidence because a conciliator is not intended to sit in judgment of the parties.

Though Congress did amend § 1782 to expand the types of proceedings falling within the statute, including administrative proceedings, *see Intel*, 452 U.S. at 258–59, it does not follow that Congress intended for *all* administrative proceedings to qualify for § 1782 discovery. The Supreme Court in *Intel* referenced "administrative . . . tribunals" and "administrative courts" as qualifying for § 1782 discovery, not administrative proceedings writ large. *See id.* at 258 (quotation omitted). Based on the record before the Court, the conciliation pending in Cameroon cannot issue a first-instance binding decision on the merits that is subject to judicial review. As such, it is not a first-instance decisionmaker and thus not a "foreign or international tribunal" for the purposes of § 1782.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Mr. Fouman's Petition for Discovery in Aid of a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 is **DENIED**.

The Clerk is directed to close this matter.

**IT IS SO ORDERED**.

ENTERED this /14/ day of January, 2014.

Alexandria, Virginia
1 /14/ 2014

                                                  /s/
                                     Gerald Bruce Lee
                                     United States District Judge